UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60088-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENJAMIN RAND,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, MODIFYING IN PART AND AFFIRMING IN PART MAGISTRATE'S ORDER, AND SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS

**THIS CAUSE** is before the Court on United States Magistrate Judge Barry S. Seltzer's "Report and Recommendation on Defendant's 'Motion to Dismiss: No Child Pornography' (DE 50), 'Motions to Suppress: Right to Counsel' (DE 55), 'Motions to Suppress: Statements' (DE 56) and 'Motions to Sever Counts' (DE 57)" [DE 78] ("Report and Recommendation"), as well as Judge Seltzer's "Order on Government's 'Motion to Bar Evidence of Consent, to Exclude Prior Sexual Histories of Victims and to Protect Full Identities of Victims' [DE 45]; and Defendant's 'Motion to Compel Discovery' [DE 49], 'Motion to Exclude Data' [DE 51], 'Motion to Exclude Evidence' [DE 52], 'Motion to Exclude Data as Inadmissible Testimonial Hearsay' [DE 53], 'Motion for Bill of Particulars' [DE 54], and 'Motion for Release of Brady Materials' [DE 59]" [DE 79] ("September 28th Order"). The Court has reviewed *de novo* the Report and Recommendation, the September 28th Order, the related filings, Defendant's Objections to the Report and Recommendation and September 28th Order [DE 81] ("Objections"), the Corrected Transcript of the September 23, 2011 hearing [DE 91] ("Transcript"), and the record in this case, and is otherwise advised in the premises.

# I. BACKGROUND

On July 21, 2011, a federal grand jury returned a seven-count Superseding Indictment [DE 30] charging Defendant with two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), two counts of using a computer to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The alleged victims are 14-year-old CR as to Counts One through Three, 16-year-old AG as to Counts Four through Six, and 11-year-old MS and 16-year-old BS as to Count Seven.

Defendant filed a number of pretrial discovery motions, motions to suppress, a motion to dismiss, a motion to sever, and a motion for bill of particulars. The Government filed a motion to bar certain evidence and to protect the identities of the victims. At a September 23, 2011 hearing, Judge Seltzer received testimony and heard arguments on all of these motions. See Minute Entry [DE 80]; Transcript. Thereafter, he entered his Report and Recommendation and the September 28th Order. On October 4, 2011, Defendant filed his Objections.

# II. DISCUSSION

Defendant objects to a number of factual findings and legal conclusions contained in the Report and Recommendation and the September 28th Order. The Court will address first, the objections to the Report and Recommendation, and second, the objections to the September 28th Order.

## A. Report and Recommendation

The Report and Recommendation concludes that the Court should deny the following motions: "Motion to Dismiss: No Child Pornography" [DE 50]; "Motions to Suppress: Right to Counsel" [DE 55]; "Motions to Suppress: Statements" [DE 56], and "Motions to Sever Counts" [DE 57]. Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may conduct hearings, including evidentiary hearings, on motions to dismiss, motions to suppress, and motions to sever, and submit proposed findings of fact and recommendations for the disposition of those motions. Upon objection by a party, the district court must conduct a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1). Accordingly, the undersigned has conducted a *de novo* review of the Report and Recommendations and related parts of the record with respect to each of Defendant's objections.

Regarding the "Motion to Dismiss: No Child Pornography" [DE 50], Defendant "objects to the failure of the magistrate court to conduct an evidentiary hearing on each and every of the images." Obj. at 1-2 (¶ A). Defendant contends that the images do not meet the relevance standard and that hardly any, if not none, of the images actually depict a minor engaged in sexually explicit conduct. Id. However, Judge Seltzer held that such arguments are inappropriate for a pretrial motion to dismiss, and should instead be addressed to the Court or the jury at trial. The undersigned will address admissibility when the images are offered at trial. Therefore, this objection will be overruled at this time.

As for his "Motions to Suppress: Right to Counsel" [DE 55], Defendant "objects to

[the finding] that the testimony of Detective Andres was not impeached or rebutted." Obj. at 8-9 (¶ F). Defendant also objects "to the extent that the magistrate court speculates that the defendant may well have argued that he was being harassed if Detective Scopa had interviewed him on April 7, 2011." Id. at 9. Upon a review of the related filings and the hearing Transcript, the Court agrees with Judge Seltzer that Detective Andres's testimony was not rebutted or impeached. The Court also agrees with Judge Seltzer's extensive analysis and conclusion that Defendant's waiver of his Miranda rights and subsequent statements were knowing, intelligent, and voluntary. See Report & Recommendation at 20-24. Detective Andres's questioning was not deceptive, coercive, or threatening. Defendant's contention that Detective Andres overcame his will is unsupported by the record. Regarding the possibility that Defendant might have argued that he was being harassed had Detective Scopa approached him, Defendant has pointed to no evidence to refute such a suggestion. Regardless, the statement at issue was given to Detective Andres, not Detective Scopa. Therefore, this objection will be overruled.

Finally, regarding his "Motions to Sever Counts" [DE 57], Defendant objects to Judge Seltzer's conclusion that the counts should not be severed. Obj. at 9-10 (¶ G). Defendant contends that a severance is warranted because he believes he might have different defenses for different counts. Id. Defendant also seeks a severance because "the charges in counts one through three are years apart from those in count seven, during which time the defendant was younger the charges are not connected in any way other than the prosecutor's approach to the case." Id. at 10. In the Report and Recommendation, Judge Seltzer conducted a two-step analysis, determining first, that

4

the seven counts are properly joined because they are "similar" within the meaning of Rule 8(a), and second, that Defendant has not shown the "compelling prejudice" that would warrant a severance under Rule 14. See Report & Recommendation at 25-30. This Court agrees. The fact that Defendant was younger during certain alleged conduct does not render the charges dissimilar, as Rule 8(a) requires only similarity in category, not in evidence. See United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002) (finding counts were "similar" where they reflected "repeated participation in the sexual exploitation of minors" and involved "the extraordinary mistreatment of children."). Further, the fact that there may be different defenses to different counts does not constitute "compelling prejudice" as required for a severance under Rule 14. Just as Judge Seltzer noted that any differences in evidence "would in no way impair the ability of a jury to follow the court's cautionary instructions to evaluate the evidence as to each count separately," Report & Recommendation at 28, any differences in defenses also would not impair the ability of a jury to follow instructions to apply certain defenses to certain counts. Therefore, this objection will be overruled.

### B. September 28th Order

The September 28th Order addresses the following motions: the Government's "Motion to Bar Evidence of Consent, to Exclude Prior Sexual Histories of Victims and to Protect Full Identities of Victims" [DE 45], Defendant's "Motion to Compel Discovery" [DE 49], Defendant's "Motion to Exclude Data" [DE 51], Defendant's "Motion to Exclude Evidence" [DE 52], Defendant's "Motion to Exclude Data as Inadmissible Testimonial Hearsay" [DE 53], Defendant's "Motion for Bill of Particulars" [DE 54], and Defendant's "Motion for Release of Brady Materials [DE 59]. Pursuant to 28 U.S.C. § 636(b)(1)(A),

a magistrate judge may decide certain pretrial motions. Upon objection by a party, the district court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D. Ga.1994), aff'd, 65 F.3d 183 (11th Cir.1995). Accordingly, unless Judge Seltzer's determinations with respect to the matters at issue were clearly erroneous or contrary to law, those determinations will not be disturbed.

First, regarding the "Motion to Compel Discovery" [DE 49], Defendant objects to Judge Seltzer's failure to order the Government to produce the standard operating procedures of the Internet Crimes Against Children unit of the Broward Sheriff's Office. Obj. at 2-3 (¶ B). Defendant also "objects to the evidentiary hearing on the issue of excluding data for lack of authentication because the defense was not allowed to use the standard operating procedures to cross-examine the government's experts and witnesses." Id. at 3. As the Government stated at the hearing, the standard operating procedures document "are in draft form. They are still in the process of being created." Tr. at 206:20-21. As of the date of the hearing, there had not been any finalized versions. Id. at 206:25, 207:1-2. In light of this fact, the Court does not find Judge Seltzer's decision to be clearly erroneous or contrary to law. Therefore, this objection will be overruled.

Second, regarding the "Motion to Exclude Evidence" [DE 52], Defendant "objects to the finding of authentication, chain of custody, and best evidence rule of the general evidence presented," Obj. at 4 (¶ C), and requests that the Court "order the magistrate court to conduct an evidentiary hearing or [] conduct its own hearing . . . ," id. at 7.

However, this Court agrees with Judge Seltzer's finding "that there is no evidence in this case that the electronic evidence has been adulterated or that the law enforcement officers acted in bad faith in obtaining and preserving the electronic evidence [and that] the Government has proffered sufficient evidence to authenticate the electronic evidence and records at trial." Sept. 28th Order at 2-3 ¶ 4. Therefore, this objection will be overruled.

Third, relating to his "Motion for Bill of Particulars" [DE 54], Defendant "objects to the magistrate court not ordering the government to answer the bill of particulars as specifically questioned." Obj. at 7 (¶ D). Defendant also notes that the discovery provided is unclear as to when the alleged crime was committed or how the charges are related to one another. Id. at 11 (¶ J). After reviewing the September 28th Order and the transcript of the hearing regarding this motion, the Court does not find Judge Seltzer's decision to be clearly erroneous or contrary to law in any way. Therefore, these objections will be overruled.

Fourth, Defendant objects generally to Judge Seltzer's decisions on the Government's "Motion to Bar Evidence of Consent, to Exclude Prior Sexual Histories of Victims and to Protect Full Identities of Victims" [DE 45], the issue of consent, and the motions regarding discovery to exclude data and to exclude evidence. Obj. at 10-11 (¶¶ G, H, I). Nothing in Defendant's objections demonstrate that Jude Seltzer's decisions were clearly erroneous or contrary to law. Therefore, these objections will be overruled.

Fifth, regarding the "Motion for Release of Brady Materials" [DE 59] and the "Motion to Compel Discovery" [DE 49], Defendant objects to the limited scope of

7

production ordered. Obj. at 7-8 (¶ E). Judge Seltzer ordered the Government to produce "any images of clothed adults recovered from the defendant's cellular phone or Sprint account." Sept. 28th Order at 3 ¶ 7. Defendant suggests that "the magistrate court should have ordered the government to produce all images of non-child pornography." Obj. at 7. At the hearing, Judge Seltzer explained that he was ordering production of images of clothed adults recovered from Defendant's cellular phone or Sprint account based on the Standing Discovery Order. See Tr. at 246:16-25, 247:1-19. The Standing Discovery Order [DE 33] requires the Government to make available for inspection "Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the Government intends to use as evidence at trial to prove its case in chief, *or were obtained or belonging to the defendant(s)*." Standing Disc. Order at 1 ¶ A.6 (emphasis added). Therefore, the Court will modify the ruling to require the Government to provide Defendant with all images recovered from Defendant's cellular phone or Sprint account as long as there is no statutory bar to such production. In all other respects, this objection will be overruled.

Sixth, Defendant also notes in this objection that "[i]t is wholly inconsistent to order non-child pornography to be produced from the defendant's electronic media [] and yet none of the non-child pornography from CR's phone." Obj. at 8 (¶ E). Under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, a crime victim has "the right to be reasonably protected from the accused . . . [and] . . . the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(1), (8). The CVRA requires that the court "shall ensure that the crime victim is afforded"

8

these rights, and that government agencies "make their best efforts to see that crime victims are notified of, and accorded" these rights. 18 U.S.C. §§ 3771(b)(1), (c)(1). As the Government noted in its Response [DE 74], "CR's phone and memory card contain private information about the victim including non-contraband images of the victim and her family. If an electronic copy of this evidence is taken outside government control, there is no ability to ensure what may happen to those images, whether they may be altered in some manner or duplicated or used in any manner to harass the victim." Resp. [DE 74] at 5. Because of the private information contained on the phone and memory card, Judge Seltzer found that Defendant was not entitled to this evidence. Tr. at 208:5-13, 209:4-16. Based on the hearing transcript and the relevant filings, the Court finds that the request to compel production of CR's phone and memory card was properly denied. This ruling was not clearly erroneous or contrary to law. Therefore, this objection will be overruled.

Finally, Defendant objects to the process of reviewing the objectionable and non-objectionable images. Obj. at 11-12 (¶ K). Defendant characterizes this review as "laborious," id. at 11, but the fact that preparing for trial in a case involving a large amount of documents or photographs is laborious is not sufficient reason to overturn the decision of a magistrate judge. Defendant also claims he is "unable to prepare because the non-illegal images have not been provided," id. at 12. The Court has already modified the scope of the images which must be provided in accordance with the above discussion. In all other respects, the Court does not find Judge Seltzer's ruling to be clearly erroneous or contrary to law. Therefore, this objection will be overruled.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Defendant's "Objections to the Report and Recommendation and Magistrate's Order" [DE 81] are **SUSTAINED in part and OVERRULED in part** as follows:

    a.  The Objection relating to the scope of production required from Defendant's cellular phone and Sprint account is **SUSTAINED** in accordance with the above discussion; and

    b.  In all other respects, the Objections [DE 81] are **OVERRULED**.

2.  The Report and Recommendation of United States Magistrate Judge Barry S. Seltzer [DE 78] is **ADOPTED**, and the following motions are **DENIED**:

    a.  Defendant's "Motion to Dismiss: No Child Pornography" [DE 50];

    b.  Defendant's "Motions to Suppress: Right to Counsel" [DE 55];

    c.  Defendant's "Motions to Suppress: Statements" [DE 56]; and

    d.  Defendant's "Motions to Sever Counts" [DE 57].

3.  Judge Seltzer's "Order on Government's 'Motion to Bar Evidence of Consent, to Exclude Prior Sexual Histories of Victims and to Protect Full Identities of Victims' [DE 45]; and Defendant's 'Motion to Compel Discovery' [DE 49], 'Motion to Exclude Data' [DE 51], 'Motion to Exclude Evidence' [DE 52], 'Motion to Exclude Data as Inadmissible Testimonial Hearsay' [DE 53], 'Motion for Bill of Particulars' [DE 54], and 'Motion for Release of Brady Materials' [DE 59]" [DE 79] is **MODIFIED in part and AFFIRMED in part** as follows:

a. The Order [DE 79] is **MODIFIED** to require that the Government provide Defendant with any images recovered from Defendant's cellular phone or Sprint account as long as there is no statutory bar to such production; and

b. In all other respects, the Order [DE 79] is **AFFIRMED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 18th day of October, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

11